IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLINTON ALBERT HOLCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0072-WS-N |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on its *sua sponte* review of its subject matter jurisdiction. The defendant insurer removed on the basis of diversity of citizenship. (Doc. 1). The Magistrate Judge to whom the action was initially assigned questioned the amount in controversy and allowed the defendant two chances to demonstrate that more than $75,000, exclusive of interest and costs, was in controversy as of the time of removal. (Docs. 4, 12). The defendant has filed two supplements to its notice of removal, (Docs. 6, 14), and the issue of the Court's subject matter jurisdiction is ripe for resolution.[1]

The plaintiff was injured in a motor vehicle accident. He initially sued the underinsured driver of the other vehicle. (Doc. 1-2 at 2-5). In December 2019, the plaintiff filed an amended complaint adding his insurer as a defendant and asserting a claim for uninsured/underinsured motorist benefits. (*Id*. at 104-08). In January 2020, the plaintiff and the driver reached a settlement, resulting in the driver's dismissal and the creation of complete diversity, (*id*. at 166-67, 182),

---

[1] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

prompting the instant removal. The settlement was for $100,000, representing the driver's liability policy limits. (Doc. 6 at 3, 4).

The amended complaint does not demand a particular sum of the defendant; instead, it demands "payments … under the uninsured/underinsured motorist coverage portions of the policy," (Doc. 1-2 at 108), which the defendant construes as a demand for policy limits. (Doc. 1 at 3-4). The policy provides uninsured/underinsured motorist coverage with limits of $25,000 per person/$50,000 per occurrence. (Doc. 1-7 at 1). Prior to removal, plaintiff's counsel confirmed to defense counsel that the plaintiff is seeking from the defendant "just the stackable limits of $75,000," (Doc. 1-8 at 1),[2] which the defendant agrees is the policy limit. (Doc. 1 at 4). The defendant concedes it is impossible for the plaintiff to recover more than $75,000 from the defendant in this action. (*Id*.; Doc. 6 at 3).

The defendant nevertheless argues that more than $75,000 is in controversy. Its theory is that, in a suit for uninsured/underinsured motorist benefits, the plaintiff must prove his damages exceed the amount (here, $100,000) provided by the underinsured driver.[3] In this case, to recover $75,000 from the defendant, the plaintiff will have to obtain a jury award of at least $175,000. Because the jury will be asked to award over $75,000, the defendant concludes that the amount in controversy exceeds that amount; while the defendant cannot suffer a judgment greater than $75,000, that is only because it will be entitled to a setoff, and setoffs are irrelevant to the jurisdictional analysis. (Doc. 6 at 3, 4; Doc. 14 at 3).

---

[2] *See* Ala. Code § 32-7-23(c) (capping recovery at three times primary coverage).

[3] To recover uninsured/underinsured motorist benefits, the plaintiff must prove the other driver's uninsured/underinsured status, his legal liability for damages to the plaintiff, and the amount of this liability. *E.g., Ex parte Carlton*, 867 So. 2d 332, 334 (Ala. 2003).

When suit is brought on a policy of insurance to recover policy benefits, with no additional claims (such as bad faith or duty to defend), the amount in controversy cannot be higher than the policy limits, however great the plaintiff's damages may be. In *Payne v. State Farm Mutual Automobile Insurance Co.*, 266 F.2d 63 (5th Cir. 1959), the plaintiff sued the tortfeasor's insurer for $50,000; the policy limits were $10,000, one cent below the jurisdictional threshold. *Id*. at 64. "If there is one situation where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability." *Id*. In the face of the policy limits, "there could not legally be a judgment for an amount necessary to the jurisdiction," despite the high claimed damages. *Id*. at 64-65 (internal quotes omitted). Thus, while "[t]he injury … might warrant recovery from [the tortfeasor] of damages greatly in excess of $10,000, … [i]t is a legal certainty … that the claim against the insurer … does not meet the jurisdictional amount." *Id*. at 65.

*Payne* stands for the proposition that, "if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy." *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). *Payne* is binding authority in this Circuit,[4] but other appellate courts follow the same rule. *E.g., Farmers Insurance Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979); *Motorists Mutual Insurance Co. v. Simpson*, 404 F.2d 511, 515 (7th Cir. 1968).

The Eleventh Circuit has repeatedly couched the jurisdictional analysis in terms of the plaintiff's potential recovery. *E.g., Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) ("[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it

---

[4] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

3

appears to a legal certainty that the plaintiff cannot recover the amount claimed."); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002) ("We must take judicial notice of the fact that no single class member stands to recover more than $75,000 in actual damages from this litigation."); *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (punitive damages are to be considered, "unless it is apparent to a legal certainty that they cannot be recovered"). As the defendant admits, the plaintiff's maximum potential recovery in this case is exactly $75,000, a penny short of the jurisdictional threshold.

That this case involves uninsured/underinsured motorist benefits does not change the analysis, or the result. Regardless of the plaintiff's actual damages, and regardless of the evidence he presents as to those damages, he cannot recover from the defendant anything more than $75,000. Even if the jury must award the plaintiff the full amount of his damages,[5] a plaintiff cannot enforce a verdict but only a judgment, and it is agreed that no legal judgment over $75,000 is possible.

The defendant suggests it will be entitled to a setoff of the $100,000 paid by the driver but that its right to a setoff is an affirmative defense that must be pleaded before it can be considered. The defendant assures the Court it will claim the entire setoff but argues that, since it has yet to file an answer asserting a right to setoff, the full $175,000 was in controversy at the moment of removal. In any event, it says, setoffs are legally irrelevant to the amount in controversy. (Doc. 6 at 4; Doc. 14 at 2).

The defendant certainly "may enforce" a "credit or 'set-off'" against its own "coverage," *State Farm Mutual Automobile Insurance Co. v. Motley*, 909 So.

---

[5] *See* Alabama Pattern Jury Instruction 20.52 (3d ed. 2019) ("If you find for [the plaintiff], you must then determine how much money to award [the plaintiff] for the harm caused by the [underinsured driver]. When deciding how much money to award, [policy limits] are not important.").

2d 806, 808 (Ala. 2005);[6] thus, were the jury to find total damages of $150,000, the defendant could by setoff reduce its liability to $50,000. But the defendant has identified no scenario under which, with or without a setoff, its exposure could ever exceed $75,000. Nowhere has the defendant suggested, for example, that if the jury finds $250,000 in damages, it can be required to pay $150,000 (or $250,000, if it fails to invoke setoff) despite its $75,000 policy limits.

The defendant insists that the Court must measure the amount in controversy "by the direct pecuniary value of the right that the plaintiff seeks to enforce or protect,"[7] with the plaintiff's underinsured motorist claim constituting the right sought to be enforced. (Doc. 14 at 2). Precisely. The direct pecuniary value to the plaintiff of his underinsured motorist claim is the $75,000 he can potentially recover from the defendant; there is no direct pecuniary value to the plaintiff of the additional damages he may have to prove but for which he cannot recover in this lawsuit.

In *Brewster v. GEICO General Insurance Co.*, 2018 WL 571930 (N.D. Ala. 2018), the defendant insurer resisted federal jurisdiction, arguing that the $75,000 limits of its uninsured/underinsured motorist coverage precluded diversity jurisdiction. *Id*. at *2. The *Brewster* Court, relying on *Payne*, agreed with the defendant's position. Although the plaintiff sought damages in excess of $75,000, "[b]ecause Plaintiff's policy only allows recovery up to $75,000 and no more, the fact that his total damages from the accident might be above the jurisdictional amount cannot satisfy the required amount in controversy." *Id*.

---

[6] The amount of the setoff appears to be capped at the "limits of liability of the liability insurance policy covering the underinsured-motorist tortfeasor." *Motley*, 909 So. 2d at 810.

[7] 14A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3702.5 (4th ed.), Westlaw (database updated April 2020). The defendant's quotation omits the "direct pecuniary" qualifying language.

The defendant concedes it can discover no authority in support of its position. (Doc. 14 at 1). In contrast, a large number of cases within the Eleventh Circuit hold or assume that the amount in controversy as to a claim for uninsured/underinsured motorist benefits is capped by the policy limits,[8] as do appellate decisions from other Circuits.[9] The Court now joins their company.

For the reasons set forth above, this action is **remanded** to the Circuit Court of Mobile County for lack of subject matter jurisdiction.

DONE and ORDERED this 22nd day of April, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[8] *E.g., Brewster,* 2018 WL 571930 at *2; *Juergensmeyer v. Allstate Insurance Co.*, 2017 WL 10277111 at *3 (M.D. Fla. 2017) (Soriven, J.); *Betts v. Progressive Specialty Insurance Co.*, 2017 WL 4678471 at *3 (S.D. Ala. 2017) (DuBose, C.J.); *Llaca v. State Farm Mutual Automobile Insurance Co.*, 2016 WL 1238009 at *2 (M.D. Fla. 2016) (Dalton, J.); *Orton v. Encompass Indemnity Co.*, 2015 WL 12830479 at *2 (M.D. Fla. 2015) (Byron, J.); *Sarmiento v. Liberty Mutual Insurance Co.*, 2015 WL 11237019 at *2 (S.D. Fla. 2015); *Marquez v. State Farm Mutual Automobile Insurance Co.*, 2014 WL 2968452 at *6-7 (M.D. Fla. 2014) (Honeywell, J.); *Henry v. State Farm Mutual Automobile Insurance Co.*, 2013 WL 5178518 at *1-2 (M.D. Fla. 2013) (Antoon, J.); *Reed v. State Farm Mutual Automobile Insurance Co.*, 2007 WL 2230586 at *2-3 (S.D. Ala. 2007) (Milling, M.J.).

[9] *Rasmussen v. State Farm Mutual Automobile Insurance Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005); *State Farm Mutual Automobile Insurance Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998); *State Farm Mutual Automobile Insurance Co. v. Powell*, 87 F.3d 93, 97 (3rd Cir. 1996).